UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY A. ASKEW,

        Plaintiff,

v.

        Case Number 07-11820
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

SERGEANT CROPSEY and
LIEUTENANT BUSH,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE

This matter is before the Court on the plaintiff's objections to a report by Magistrate Judge Michael J. Hluchaniuk recommending that the defendants' motion for summary judgment be granted. The plaintiff filed a complaint against the defendants under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was exposed to a chemical agent used to subdue an uncooperative prisoner in a cell close to his. The Court entered a general order of reference for the magistrate judge to conduct all pretrial matters, after which the defendants filed their motion. The magistrate judge filed a report concluding that the plaintiff failed to show that the defendants' conduct violated his rights under the Eighth Amendment, and his state-law claims should be dismissed without prejudice. The plaintiff filed timely objections. The Court has conducted a *de novo* review of the matter and now concludes that the plaintiff's objections to the report and recommendation lack merit, and the magistrate judge was correct in recommending that the motion should be granted. Therefore, the Court will overrule the objections, adopt the magistrate judge's recommendation, grant the motion for summary judgment, and dismiss the case.

I.

The plaintiff brought this 42 U.S.C. § 1983 claim alleging violations of his Constitutional rights when he was exposed to "chemical agents" the defendants used to subdue a non-compliant prisoner in a cell near the plaintiff's. The plaintiff also brings a state-law claim that the defendants committed assault and battery and that defendants acted with gross negligence arising from the use of the chemical agents. The magistrate judge summarized the facts, which need not be repeated here in detail. It is enough to observe that the defendants believed the use of chemical agents was required to extract an inmate from his cell; they checked the medical log to determine that other inmates in the area had no pre-existing medical conditions that would be aggravated by the use of the chemicals; the plaintiff learned of what was about to happen and his request to be moved was refused; the exhaust fan that was to be used to evacuate the chemical agents from the cellblock malfunctioned; and the plaintiff's exposure to the agent cause a violent physical reaction for which he was given treatment.

Magistrate Judge Hluchaniuk recommended that the defendant's motion for summary judgment be granted, reasoning that when the Eighth Amendment standards relating to excessive force claims are applied to the facts of this case, no reasonable trier of fact could conclude that the plaintiff's rights were violated. The magistrate determined that the plaintiff failed to indicate any facts that would support an allegation that an excessive amount of chemical agent was used by the defendants. Nor could a reasonable trier of fact find that the defendants' actions were undertaken "maliciously and sadistically" with the purpose of causing harm to plaintiff. The magistrate judge had several reasons for this conclusion: prison officials are accorded a great deal of deference in dealing with prison disturbances; there was a legitimate penological problem the defendants had to

address; the means the defendants used were reasonable; they made attempts to minimize the consequences; and the plaintiff's injuries were not particularly significant. The magistrate judge also concluded that the defendants were entitled to qualified immunity. He reasoned that the defendants were engaged in the exercise of a discretionary function during the events that gave rise to this claim, and there was no clearly established constitutional right violated under the facts presented by the plaintiff.

II.

The plaintiff objected to the magistrate judge's recommendation in its entirety arguing that (1) the magistrate judge used the wrong standard of review for a *pro se* pleading and by doing so he misconstrued his Eighth Amendment claim as an "excessive force" claim and not as a "conditions of confinement" claim; (2) the magistrate judge erred by concluding that the significant facts regarding the Eighth Amendment claim of the case are not in dispute; and (3) the magistrate judge did not consider all of the facts when determining that the defendants were engaged in a discretionary function and thus had qualified immunity.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002). Thus, a factual dispute that "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, __, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such a complaint still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson*, 551 U.S. at __, 127 S. Ct. at 2200 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The magistrate judge viewed the plaintiff's complaint as attempting to state an excessive force claim, which is a reasonable interpretation of the allegations. In fact, there are two general categories of Eighth Amendment claims in a prison setting: "excessive use of government force," and "conditions of confinement." *Thaddeus-X v. Blatter*, 175 F.3d 378, 400-01 (6th Cir. 1999). The complaint also can be interpreted as attempting to state a conditions-of-confinement claim in addition to an excessive force claim. The Court, therefore, will analyze the complaint under the law that applies to such claims as well.

A conditions-of-confinement claim is one that involves the denial of basic human needs or unsafe conditions in prison, such as exposure to open electrical connections, unsafe drinking water, prolonged exposure to tobacco smoke, exposure to toxic substances, and denial of medical care. *See Helling v. McKinney,* 509 U.S. 25 (1993). An excessive-use-of-government-force claim is one that involves "unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Although both categories involve a "wantonness" component, a key difference in the applicable legal standards is the state-of-mind showing the plaintiff must allege and prove. *Thaddeus-X*, 175

F.3d at 401. To prove a conditions-of-confinement claim, the plaintiff must establish that the defendant acted with deliberate indifference to an inmate's serious needs. *Estelle v. Gamble*, 429 U.S. at 106. In an excessive-use-of-force claim, the requisite state of mind of the defendant is malicious and sadistic. *Thaddeus-X,* 175 F.3d at 401. "In other words, the state-of-mind showing that a plaintiff must allege and meet in cases of excessive force is much higher than in conditions-of-confinement cases." *Ibid.*

The plaintiff appears to concede that the facts of his case will not support an excessive-use-of-force claim, and he does not object to the magistrate judge's conclusion to that effect. Therefore, the Court may and does adopt the report and recommendation as to that issue. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The Supreme Court has held that the Eighth Amendment imposes upon prison officials the duty to "provide humane conditions of confinement," and among the obligations attendant to the discharge of that duty is to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This obligation, however, is not unqualified. To the contrary, it is tightly circumscribed by rules requiring certain levels of proof when a prisoner argues that his conditions of confinement have crossed the boundary established by "contemporary standards of decency" incorporated into Eighth Amendment jurisprudence. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (observing that "the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'") (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). Therefore, although under the Eighth Amendment, a prisoner has

a constitutional right to protection from dangerous environmental conditions in his living quarters, that right is violated only when corrections officials are deliberately indifferent to the prisoner's serious needs. *Estelle v. Gamble*, 429 U.S. at 103-04.

The Eighth Amendment requires prison officials to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To succeed on such a claim, a plaintiff must show: "(1) the deprivation alleged is, objectively, 'sufficiently serious,' and (2) the prison official had a sufficiently culpable state of mind." *Flint ex rel. Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 352 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 834). "A sufficiently culpable state of mind is one of 'deliberate indifference' to inmate health and safety." *Ibid.* In defining deliberate indifference, the Supreme Court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837; *see also Spencer v. Bouchard*, 449 F.3d 721, 727-29 (6th Cir. 2006); *Miller v. Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005); *Thaddeus-X*, 175 F.3d at 402.

The claim here is that knowingly exposing the plaintiff to the likely second-hand effects of chemical spray constituted inhumane conditions of confinement. Although there are no Sixth Circuit cases directly on point, two unpublished cases from other circuits provide some guidance. In *Allen v. Bosley*, 253 F. App'x 658 (9th Cir. 2007) (unpublished), an inmate was exposed to pepper spray when prison officials used the chemical to extract another inmate from a nearby cell. The prison officials were following policy directives when they used the pepper spray and turned off the ventilation system. The officials restored ventilation by turning the fan to the high setting after the

situation was resolved.  However, the inmate was still exposed to the pepper spray and suffered burning of the eyes, coughing, gagging, and choking.  The court held that the prison official's use of the pepper spray was reasonable and did not violate the complaining inmate's Eighth Amendment rights reasoning that the inmate's allegations did not establish that the officials acted with deliberate indifference.  The inmate suffered no actual injury besides the "transitory effects of the pepper spray, or that any delay in responding to his requests caused further injury." *Id.* at 660.

In *Gargan v. Gabriel*, 50 F. App'x 920 (10th Cir. 2002) (unpublished), an inmate with a heart condition claimed that prison officials acted with deliberate indifference when they exposed him to pepper spray in at least two separate incidents while spraying inmates in nearby cells.  The second-hand exposure caused the inmate to suffer "from vomiting, chest pain, dizziness and shortness of breath." *Id.* at 924.  Moreover, the prison officials allegedly refused the inmate medical attention and would not listen to his complaints.  The court held that the facts of the case did not establish deliberate indifference, reasoning that by not removing the inmate from the area, "[a]t most, [the inmate's allegations] state[d] a claim of negligence  insufficient to constitute an Eighth Amendment violation." *Ibid.*  Mere disagreement with the prison official's judgments does not rise to the constitutional level.

A district court in this Circuit has arrived at a similar conclusion.  In *Harris v. Kowalski*, No. 1:05-CV-722, 2006 WL 1313863 (W.D. Mich. May 12, 2006), the court found no Eighth Amendment violation when an inmate was exposed to second-hand pepper spray because the inmate did not have evidence of a preexisting medical condition.  Although an Eighth Amendment violation might be shown when exposure to chemical agents is contraindicated by a prisoner's documented medical history, *see Reilly v. Grayson*, 157 F. Supp. 2d 762 (E.D. Mich. 2001) (finding an Eighth

Amendment violation where the inmate had a documented asthmatic condition and was placed in a smoke-free environment but prison officials failed to enforce the no-smoking policy within that housing unit); *Reeves v. Wallington*, No. 06-10326, 2007 WL 1016979 (E.D. Mich. Mar. 29, 2007) (denying summary judgment where inmate had a "medical detail" – an order that he be removed prior to the use of chemical agents – and the prison officials failed to check with health officials and did not remove inmate prior to using the chemical agent), no such facts were alleged or established in this case.

The Court concludes that the plaintiff has not established that the defendants knowingly exposed the defendant to an excessive health or safety risk when they failed to honor his request to be removed from the area that was contaminated with chemical spray. There is no claim that the defendants knew that the exhaust fan would malfunction, and there is no claim that the plaintiff suffered from a condition that would have been exacerbated by the use of the chemical. Because the plaintiff has not shown that the defendants were aware of facts from which an inference of excessive risk could be drawn, nor that they actually drew that inference, the Court finds that the plaintiff has not made out an Eighth Amendment violation based on a conditions-of-confinement claim.

Since the Court has concluded that the plaintiff has not established a violation of his rights under the Constitution or federal law, "there is no necessity for further inquiries concerning qualified immunity." *Causey v. City of Bay City*, 442 F.3d 524, 531 (6th Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

The magistrate judge also recommended that the plaintiff's state-law claims be dismissed since the federal claims have no merit. The Court agrees. *See* 28 U.S.C. § 1367(c)(3); *Musson*

*Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

### III.

The Court has considered the defendants' motion for summary judgment *de novo* following the magistrate judge's report and the plaintiff's objections. The objections lack merit. The Court finds that the magistrate judge properly applied the governing law, as supplemented by the Court's conclusions herein. The Court will grant the motion for summary judgment.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #43] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #46] to the report and recommendation are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt #27] is **GRANTED**.

It is further **ORDERED** that the plaintiff's federal claims are **DISMISSED with prejudice** and the state law claims are **DISMISSED without prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 23, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2009.

                                        s/Lisa M. Ware
                                        LISA M. WARE